UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELVIN ZUNIGA BARRERA<br><br>Petitioner,<br><br>v.<br><br>PATRICIA HYDE, Field Office Director, MICHAEL KROL, HSI New England Special Agent in Charge, and TODD LYONS, Acting Director U.S. Immigrations and Customs Enforcement, KRISTI NOEM, U.S. Secretary of Homeland Security, PAMELA BONDI, U.S. Attorney General, DONALD TRUMP, President of the US<br><br>       Respondents. | Case No. 25-12458<br><br>**PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

1. Petitioner Elvin Zuniga Barrera ("Petitioner") is a Guatemalan national. He is the father of two citizens of the United States. Upon information and belief, he was unlawfully detained by federal immigration agents on September 4, 2025.

2. Accordingly, to vindicate Petitioner's statutory, constitutional, and regulatory rights, this Court should grant the instant petition for a writ of habeas corpus.

3. The Petitioner alleges that his detention is a violation of the protection against unreasonable search and seizure of the Fourth Amendment and a violation of the Due Process Clause of the Fifth Amendment.

4. Petitioner asks this Court to find that his arrest and detention are illegal and order his immediate release, a stay of removal from jurisdiction of the United States or transfer outside of the District of Massachusetts, and a reasonable award of attorney's fees.

## JURISDICTION

5. This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*.

6. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause). Under 8 U.S.C. § 1252(e)(2), this Court has habeas authority to determine whether Petitioner is a noncitizen and whether Petitioner was ordered removed under 8 U.S.C. § 1225(b)(1).

7. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et. seq*., the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

8. Venue is proper because Petitioner was arrested in the Commonwealth of Massachusetts, which is within the jurisdiction of this District. As of 3:30 pm on September 4, 2025, Petitioner did not appear in the Immigration and Customs Enforcement ("ICE") Detainee Locator. Neither his family nor counsel have knowledge of his whereabouts.

9. Venue is proper in this District because Respondents are officers, employees, or agencies of the United States, a substantial part of the events or omissions giving rise to his claims occurred in this District, and Petitioner resides in this District. There is no real property involved in this action. 28 U.S.C. § 1391(e).

10. In general, a petitioner must file a habeas petition in the district in which they are confined and must name as a respondent the petitioner's immediate custodian. S*ee Rumsfeld v. Padilla*, 542 U.S. 426, 442-47, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004). In this case, the time of arrest suggests the respondent remains in Massachusetts, likely at the ICE processing facility in Burlington, Massachusetts. His immediate custodian would be Michael Krol.

11. The Supreme Court has recognized an exception to the district of confinement rule where the government is not forthcoming with respect to the identity of the custodian and the place of detention. *See Id* at 465 (Kennedy, J., concurring); *see also Sow v. Whitaker*, No. 18-cv-11394-GBD-RWL, 2019 U.S. Dist. LEXIS 77878, 2019 WL 2023752, at *5-6 (S.D.N.Y. May 8, 2019). Here, the government has detained the petitioner for the better part of a day, and his family and counsel have no way of locating him. According to the usual means of locating a DHS detainee, the government has not detained the petitioner at all. If the petitioner happens to appear outside of this district after the government acknowledges this suit, and the government claims he was outside of the district at the time of filing, venue in the District of Massachusetts remains proper.

## REQUIREMENTS OF 28 U.S.C. § 2243

12. The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require respondents to file a return "within *three days* unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* (emphasis added).

13. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a *swift* and

imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

## PARTIES

14. Petitioner is a resident of Billerica, Massachusetts. He is in the custody, and under the direct control, of Respondents and their agents.

15. Respondent Todd Lyons is named in his official capacity as the Acting Director for U.S. Immigration and Customs Enforcement. As the Senior Official Performing the Duties of the Director of ICE, he is responsible for the administration and enforcement of the immigration laws of the United States and is legally responsible for pursuing any effort to remove the Petitioner; and therefore, is a custodian of the Petitioner.

16. Respondent Patricia Hyde is sued in her official capacity as the Director of the Boston Field Office of U.S. Immigration and Customs Enforcement. Respondent Hyde is a legal custodian of Petitioner and has authority to release her.

17. Respondent Michael Krol is sued in his official capacity as the HSI New England Special Agent in Charge. In this capacity, Respondent Krol is a legal custodian of Petitioner and has the authority to release her.

18. Respondent Todd Lyons is sued in his official capacity as Acting Director of the United States Immigration and Customs Enforcement. In this capacity, Respondent Lyons oversees all detention of noncitizens held in ICE custody and is a legal custodian of petitioner with the authority to release her.

19. Respondent Kristi Noem is sued in her official capacity as Secretary of the U.S. Department of Homeland Security ("DHS"). In this capacity, Respondent Noem is responsible for the implementation and enforcement of the Immigration and Nationality Act, and oversees ICE,

the component agency responsible for Petitioner's detention and custody. Respondent Noem is a legal custodian of Petitioner.

20. Respondent Pamela Bondi is sued in her official capacity as the Attorney General of the United States and the senior official of the U.S. Department of Justice ("DOJ"). In that capacity, she has the authority to adjudicate removal cases and to oversee the Executive Office for Immigration Review ("EOIR"), which administers the immigration courts and the BIA. Respondent Bondi is a legal custodian of Petitioner.

21. Respondent Donald J. Trump is named in his official capacity as the President of the United States. In this capacity, he is responsible for the policies and actions of the executive branch, including the Department of State and Department of Homeland Security.

## STATEMENT OF FACTS

22. Petitioner is a 46-year-old citizen of Guatemala. Petitioner has resided in the United States for approximately 28 years with his family.

23. Petitioner entered the United States through the U.S.-Mexico border. At that time, Customs and Border Protection inspected the petitioner.

24. On or about July 19, 2013, the immigration court in Boston placed the petitioner's removal proceedings in administrative closure. DHS has not moved to reopen proceedings since that date.

25. On September 4, 2025, the Petitioner was driving from his apartment to work in Billerica, Massachusetts early in the morning when he was apprehended by ICE. He managed to message his son, but nothing has been heard from him since this morning. His family and his counsel do not know his current whereabouts.

## CLAIMS FOR RELIEF

## COUNT ONE
### Violation of Fourth Amendment Reasonable Search and Seizure

26. The allegations in the above paragraphs are realleged and incorporated herein.

27. The Department arrested and detained Petitioner in violation of his right to be free from unreasonable search and seizure. A party claiming a Fourth Amendment violation must establish both that a seizure occurred and that the seizure was unreasonable. *Sodal v. Cook County* 506 U.S. 56, 71 S. Ct. 538, 121 L. Ed. 2d 450 (1992). A seizure is unreasonable if a balance of public and private interests implicated by the seizure favors the asserted private interest. *Id.* Petitioner asserts a private interest to apply for lawful status in the United States. The Department has not yet asserted a reason for detaining Petitioner. The balance of Petitioner's asserted private interest outweighs the government interest.

28. For these reasons, Petitioner's arrest and detention violates the Fourth Amendment.

## COUNT TWO
### Violation of Fifth Amendment Right to Due Process

29. The allegations in the above paragraphs are realleged and incorporated herein.

30. The Constitution establishes due process rights for "all 'persons' within the

31. United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

32. In detaining Petitioner, Respondents took advantage of Petitioner's good faith efforts to exhaust his legal protections that would allow him to remain in the United States. The violative actions of the Respondents undermines the faith of noncitizens that they may apply for immigration benefits for which they are eligible.

33. For these reasons, Petitioner's detention violates the Due Process Clause of the Fifth Amendment.

**PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days.

(3) Declare that Petitioner's detention and arrest violates the Fourth Amendment and the Due Process Clause of the Fifth Amendment.

(4) Issue a Writ of Habeas Corpus ordering Respondents to immediately release petitioner, and, in the interim preventing his transfer outside of the District.

(5) Award Petitioner attorney's fees and costs under the Equal Access to Justice Act, and on any other basis justified under law; and

(6) Grant any further relief this Court deems just and proper.

Respectfully submitted,

Elvin Zuniga Barrera

By and through his counsel,

Dated: September 4, 2025

/s/ *Todd C. Pomerleau*
Todd C. Pomerleau
Rubin Pomerleau, P.C.
Two Center Plaza, Suite 520
Boston, Massachusetts 02108
Tel.: (617) 367-0077
Fax: (617) 367-0071
tcp@rubinpom.com
MA BBO#664974

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I represent Petitioner, Elvin Zuniga Barrera, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 4th day of September, 2025.

/s/*Todd C. Pomerleau*
Todd C. Pomerleau
